FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 AUG -5  AM 8:41

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RODERICK HALL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 04-0290** |
| **RICHARD STALDER, JAMES MILLER, KATHY McGINNIS, KEITH BICKHAM, JANICE WILSON, DONNIE SEALS, BESSIE CARTER** | **SECTION: "J" (4)** |

### ORDER AND REASONS

This matter is before the Court on consent of the parties pursuant to Title 28 U.S.C. § 636(c)[1] for consideration of a **Motion for Summary Judgment (Rec. Doc. No. 28)** and a **Supplemental Motion for Summary Judgment (Rec. Doc. No. 35)** filed by the defendant, Lieutenant Donnie R. Seal ("Seal") (erroneously sued as "Donnie Seals"). The plaintiff, Roderick Hall ("Hall"), has filed an opposition to the motions.[2]

I.     **Factual and Procedural Background Relevant to the Remaining Claims**

    A.     **Background**

Hall, who is incarcerated in Washington Correctional Institute ("WCI") in Angie, Louisiana, originally filed this *in forma pauperis* complaint *pro se* pursuant to Title 42 U.S.C. § 1983 against

---

[1] Rec. Doc. No. 24.

[2] Rec. Doc. No. 38.

Richard Stalder, Secretary of the Louisiana Department of Corrections, Warden James Miller, Major Keith Bickham, Lieutenant Donnie Seal, Warden Kathy McGinnis, Bessie Carter, RN, Director of Nurses, and Janice Wilson, LPN. Each defendant was named in their individual and official capacities.[3]

The Court entered a partial report and recommendation on May 20, 2004, and recommended that Hall's § 1983 claims against Secretary Richard Stalder, Warden James Miller, Major Keith Bickham, Lieutenant Donnie Seal, Warden Kathy McGinnis, Bessie Carter, and Janice Wilson, in their official capacities, be dismissed with prejudice as frivolous, for failure to state a claim for which relief can be granted and for naming defendants who are immune from suit pursuant to Title 28 U.S.C. § 1915(e) and § 1915A, that Hall's § 1983 medical indifference claims against defendants McGinnis, Wilson and Carter be dismissed without prejudice for failure to exhaust administrative remedies as required under Title 42 U.S.C. § 1997e, that Hall's state law medical negligence claims against McGinnis and Carter be dismissed without prejudice for failure to exhaust administrative remedies under the Louisiana Medical Malpractice Act, that Hall's § 1983 claims against Stalder, Miller, and Bickham, in their individual capacities, be dismissed with prejudice as frivolous and/or for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and §1915A, and that Hall's §1983 excessive force and medical indifference claims and his state law assault and battery claims against Lieutenant Donnie Seal, in his individual capacity, be allowed to proceed forward for further review and proceedings.

---

[3] Hall testified that he is in jail for violating his probation and for burglary of an inhabited dwelling and he is serving a five-year sentence.

The District Judge adopted the recommendation by Order entered on June 18, 2004. The Court thereafter appointed counsel to represent Hall on the remaining claims.

Therefore, the claims remaining for consideration are Hall's §1983 excessive force and medical indifference claims and his state law assault and battery claims against Lieutenant Donnie Seal in his individual capacity.

The Court will outline Hall's relevant allegations from his complaint as supplemented by his testimony at the hearing pursuant to *Spears v. McCotter*[4] which was held March 25, 2004.[5]

### B.     The Plaintiff's Allegations

Hall alleges that, on November 23, 2003, between 2:00 a.m. and 3:00 a.m., Lieutenant Donnie Seal went to his cell holding a broom. Seal was sent to the cell because of Hall's problem with fighting. Hall claims that Seal called him to the cell door to be handcuffed. Hall also claims that he complied with the instruction by turning his back to the bars and placing his hands through the hatch-hole to be cuffed. Hall further alleges that Seal placed the cuffs on and then poked him in the buttocks with the broom handle causing him to jump away from the bars. Hall states that he yelled and asked Seal why he did it. He further claims that Seal responded by saying "fuck you, you nigger" and denied his request for medical attention.

Hall stated that Seal knows he takes medication for his mental problems and that he has been in trouble before. Hall testified that he takes Elavil, Thorazine, and Depakot because he hallucinates

---

[4] 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges to have occurred and the legal basis for the claims. The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. *Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[5] Rec. Doc. No. 11. The plaintiff was sworn prior to testifying. The cassette tape of the hearing was placed in the custody of the Court Recording Unit when the Partial Report and Recommendation was issued.

and hears voices and has a bipolar disorder. He denies that he was hallucinating on the night of the alleged incident with Seal. Hall testified that he has told his social worker but that he has not been able to get help because the prison officials have the social worker believing that Hall lied.

Hall further alleges that, on November 27, 2003, he wrote a letter to Warden Miller, which was received on December 1, 2003, about Seal's actions. As a result, the Warden sent Major Bickham that same day to interview Hall about the incident with Seal. Hall testified that Bickham wrote everything down and then took him to receive medical attention. Hall saw Nurse Wilson, who conducted a visual examination, and told him that she did not note any swelling or cuts to his anus.

Hall complains that, on December 2, 2003, as a result of the investigation, Major Bickham issued him a disciplinary citation for theft by fraud claiming that Hall was lying about the incident with Seal. Hall claims that this was based solely on the statements of Seal with no other investigation. He also indicated that Bickham reported that Seal was not on duty at the time of the alleged incident. As a result of the disciplinary charge, his grievance complaints against Seal were denied. He was sentenced to four weeks of cell confinement, loss of telephone privileges, and 10 days in isolation with relinquishment of his mattress during the day. Hall stated that his appeal was denied.

Hall testified that he had an altercation with Seal two weeks before this incident and the day before the incident. Hall testified that he was in a fight with an officer on the Sun Unit and Seal showed up along with him. As a result, Hall claims that a captain moved him off of the Sun Unit.

## II.     Defendant's Motion for Summary Judgment and Supplemental Motion

Seal has moved for summary dismissal of the plaintiff's claims against him on several grounds and requests that the claim be deemed frivolous thereby imposing a "strike" against the

4

plaintiff. First, Seal alleges that the investigatory report prepared by Major Bickham reflects that Hall alleged the incident to have occurred at 2:00 a.m. on November 24, 2003, a time when Seal was not on duty therefore Hall's claim that he sodomized him is meritless. Second, Seal argues that the record does not reflect more than a *de minimis* injury which is not sufficient to establish cruel and unusual punishment and he is therefore entitled to qualified immunity. Third, Seal contends that, because this disciplinary violation has not been overturned or otherwise called into question, Hall's § 1983 action is barred under the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994), as extended to prison disciplinary proceedings in *Edwards v. Balisok*, 520 U.S. 641 (1997), because Hall lied about the incident.

Hall contends that there are genuine issues of material fact rendering summary judgment inappropriate in this case. Hall first argues that the events took place in the early morning hours of November 23, 2003 when Seal was on duty and that he never told Major Bickham any other date. Hall also alleges that his claims are sufficient to establish cruel and unusual punishment since the law prohibits even *de minimis* force which is repugnant to the conscience of mankind. He further argues that his claims should not be barred by the *Heck* doctrine since he is no longer serving the disciplinary sentence and since his action does not directly challenge the disciplinary proceedings.

Having set forth the positions of the parties, the Court will consider the merits of the motions.

### III.  Standard of Review

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Fields v. City of Southern Houston*, 922 F.2d 1183, 1187 (5th Cir.

1991).  The Court's task is not to resolve disputed issues of fact, but to determine whether there exists any factual issues to be tried.  *See Andersen v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986).  In making this determination, all of the facts must be viewed in the light most favorable to the non-moving party.  *Id.* at 248.

The moving party bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  Once the moving party carries its burden of proving that there is no material factual dispute, the burden shifts to the nonmovant "to show that summary judgment should not lie." *Hopper v. Frank*, 16 F.3d 92, 96 (5th Cir. 1994).  While the court must consider the evidence with all reasonable inferences in the light most favorable to the nonmovant, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.  *See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  This requires the nonmoving party to do "more than simply show that there is some metaphysical doubt as to the material facts." *Id.*

Instead, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue of fact for trial." *Celotex Corp*, 477 U.S. at 324.  If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.  *See Szabo v. Errisson*, 68 F.3d 940, 942 (5th Cir. 1995); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1085 (5th Cir. 1994).

IV. **Analysis**

A. **Date of the Incident**

Seal alleges that he was not on duty at the time of the alleged events on November 24, 2003, because he was off duty from 6:00 a.m. November 23, 2003 until 6:00 a.m. November 25, 2003. Consequently, Seal contends that there is no genuine issue of material fact and he is entitled to dismissal of the claims as a matter of law.

Hall attests in his counter affidavit that the incident occurred on November 23, 2003 between 2:00 a.m. and 3:00 a.m. when Seal admits that he was on duty. Furthermore, the documentation presented by the defendant in support of the motion also suggests that Hall reported the incident to have occurred on November 23, 2003. For example, the medical report prepared by Nurse Wilson reflects that plaintiff reported to her that the incident occurred on November 23, 2003. In fact, the only suggestion of record that the incident occurred at a different time is in Major Bickham's report. Seal's own affidavit suggests that he was on duty through 6:00 a.m. that day.

Nevertheless, these relevant discrepancies create a genuine issue of material fact as to whether and when the incident occurred and the defendant's motion is without merit in this regard.

B. **Qualified Immunity**

Additionally, the defendant contends that he is entitled to the defense of qualified immunity because Hall will not be able to establish more than a *de minimis* injury to establish excess force under the Eighth Amendment.

Janice Wilson, the licensed practical nurse who saw Hall eight days afer the incident, stated in her affidavit that there was no visible evidence of trauma. She stated that she had expected to, but

7

did not see, evidence of torn tissue which would have been an indication that Hall was in fact sodomized.

In contrast, Hall indicates in the opposition that he received injuries as a result of being sodomized and continues to see occasional blood flecks on the tissue after he defecates. It is also noteworthy that Hall has consistently complained that Wilson conducted only a cursory, visual examination one week after the incident.

While the court questions whether Wilson's affidavit is sufficient to establish the absence of injury sufficient to support a summary judgment, it also finds that Seal is not entitled to judgment as a matter of law.

Qualified immunity shields government officials from individual liability for performing discretionary functions, unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Colston v. Barnhart*, 130 F.3d 96, 98 (5th Cir. 1997); *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 532-33 (5th Cir. 1997) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). A qualified immunity defense is analyzed under a two-step process. *Jacobs v. West Feliciana Sheriff's Dep't*, 228 F.3d 388, 393 (5th Cir. 2000); *Hare v. City of Corinth*, 135 F.3d 320, 325 (5th Cir. 1998) (on appeal after remand); *Colston*, 130 F.3d at 99.

The first step is to determine whether the plaintiff has alleged a violation of a clearly established constitutional right under currently applicable constitutional standards. *Jacobs*, 228 F.3d at 393; *Hare*, 135 F.3d at 325; *Coleman*, 113 F.3d at 533. In determining whether a right is clearly established, this court is confined to precedent from the Fifth Circuit and the Supreme Court. *Shipp v. McMahon*, 234 F.3d 907, 915 (5th Cir. 2000), *cert. denied*, 532 U.S. 1052 (2001). Therefore, a

right is considered to be clearly established if, based on pre-existing law, the unlawfulness of the conduct in question is apparent. *Id.* In other words, the right is clearly established if its "'contours . . . [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Id.* (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)) (other citations omitted); *accord Foster v. City of Lake Jackson*, 28 F.3d 425, 429 (5th Cir. 1994).

When the plaintiff alleges a constitutional violation so as to satisfy the first prong, the second step requires the Court to determine whether the defendant's conduct was objectively reasonable under existing clearly established law. *Glenn v. City of Tyler*, 242 F.3d 307, 312 (5th Cir. 2001); *Jacobs*, 228 F.3d at 393; *Foster*, 28 F.3d at 428-29. Officials who act reasonably but mistakenly are still entitled to the defense. Qualified immunity gives ample room for mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law. *Anderson*, 483 U.S. at 641; *Malley v. Briggs*, 475 U.S. 335, 341, 343 (1986); *Hare*, 135 F.3d at 325. The court can determine as a matter of law whether the defendant is entitled to qualified immunity and, specifically, whether the defendant's conduct was objectively reasonable. *Goodson v. City of Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000); *White v. Balderama*, 153 F.3d 237, 241 (5th Cir. 1998); *Colston*, 130 F.3d at 99.

The Supreme Court has recognized that a correctional officer's use of excessive physical force against a prisoner may in an appropriate setting constitute cruel and unusual punishment in violation of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1 (1992). This was well-settled law at the time of the alleged incidents.

To prove an excessive force claim, a plaintiff must show that he suffered (1) a physical injury, (2) resulting directly and only from the use of force that was clearly excessive to the need,

and that (3) the excessiveness was objectively unreasonable. *Spann v. Rainey,* 987 F.2d 1110, 1115 (5th Cir. 1993). The United States Fifth Circuit Court of Appeals has identified several non-exclusive factors to be considered in evaluating an excessive force claim: (1) the extent of the injury; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response. *Baldwin v. Stalder,* 137 F.3d 836, 839 (5th Cir. 1998).

Not every malevolent touch by a prison guard gives rise to a federal cause of action. *Hudson,* 503 U.S. at 9. Thus, the injury must be more than *de minimis. Id.; Gomez v. Chandler,* 163 F.3d 921 (5th Cir. 1999). While the plaintiff need not show a significant injury, the extent of the injury may be considered in determining whether the degree of force was wanton and unnecessary. *Id.; Flowers v. Phelps,* 956 F.2d 488, 491 (5th Cir. 1992). "[T]he absence of serious injury is quite relevant to an excessive force inquiry, but does not alone preclude relief." *Baldwin,* 137 F.3d at 839.

However, "the Eighth Amendment's prohibition of cruel and unusual punishment excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Baldwin,* 137 F.3d at 839. "'[W]henever prison officials stand accused of using excessive force, the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Baldwin v. Stalder,* 137 F.3d 836, 838 (5th Cir. 1998) (quoting *Hudson,* 503 U.S. at 7; *Flowers,* 956 F.2d at 491.

In the instant case, considering the facts alleged in a light favorable to the non-moving party, plaintiff has alleged the violation of a well-established constitutional right. Assuming arguendo that the events took place and did so on November 23, 2003, the alleged facts would indicate that Seal

poked a broom handle into Hall's buttocks while Hall was handcuffed in his cell and while Hall was not resisting or in any way threatening the officer or anyone else.

This activity would be of a kind repugnant to the conscience of any person. To that end, the severity of the injury would not prevent the court from considering the excessive force claim. There is no indication that the broom handle was used to restore discipline or to protect the officer or another person. Furthermore, whether Hall actually experiences bleeding as he states in his affidavit and whether that bleeding is the result of having been sodomized by Seal with the broom stick are also questions of material fact which prevent the granting of summary judgment on the qualified immunity issue.

### C.     The Doctrine of *Heck v. Humphrey*

In the supplemental motion, Seal alleges that Hall was convicted by a WCI Disciplinary Board for lying about the incident. Both parties concede that the conviction was based on Major Bickham's report which indicates that Hall told him that the attack took place on November 24, 2003, when Seal was not on duty. Seal alleges that the disciplinary conviction has not been reversed on direct appeal, expunged by executive order or otherwise declared invalid in a collateral proceeding as required by *Heck,* 512 U.S. at 477, as applied to prison disciplinary conviction in *Edwards*, 520 U.S. at 641.

In response, Hall contends that *Heck* should not be applied for several reasons. First, Hall alleges that he was not disciplined in connection with events connected to Seal's use of force. Instead he was disciplined for allegedly lying to Major Bickham about the incident even occurring. He further submits that because he has completed the sentence imposed as a result of the conviction,

11

he would be unable to obtain any type of post-conviction relief sufficient to satisfy the requirements of *Heck*.

The disciplinary report attached to Seal's supplemental motion shows that Major Bickham accused Hall of lying about the incident because the date alleged, November 24, 2003, was a date on which Seal was not on duty and could not have been present to commit the acts alleged. As a result, the prison officials resolved that the alleged incident never took place. Hall consistently denied at that time, and presently, that he told Bickham that date and instead insisted that the events took place on the morning of November 23, 2003. Hall also told Nurse Wilson on December 1, 2003, that the attack took place on November 23, 2003, tending to support Hall's contention that he consistently reported the events as happening on that date. The disciplinary report was not prepared by Bickham until the next day, December 2, 2003, so Hall cannot be said to have changed his story to Wilson because of the filing of the disciplinary charge. Yet another issue of fact exists as to the merits of the defense motion.

Nevertheless, when applying *Heck*, the Court must consider the effects of its civil motion on the validity of the underlying conviction. Although not a direct challenge to the disciplinary finding, the Court notes that allowing Hall to pursue the claim of excessive force implies the invalidity of the disciplinary finding. Bickham according to the report states that Hall lied to him when he told him that Seal sodomized him because he indicated that the incident occurred on November 24, 2003. If the Court were to find that Seal did in fact sodomize Hall, then it would also mean that the disciplinary conviction was in error as Bickham would have been mistaken in his recollection that Hall told him the incident occurred on November 24, 2004. Such a finding would imply the invalidity if the disciplinary finding. This is exactly what *Heck* and *Edwards* seek to avoid.

Hall further argues that he is no longer in custody as a result of the disciplinary conviction, and is ineligible for post-conviction relief on the disciplinary charge so *Heck* should not apply. In *Randell v. Johnson,* 227 F.3d 300 (5th Cir. 2000), the United States Fifth Circuit Court of Appeal considered a similar argument from a former prisoner who was no longer in custody on his criminal conviction and who claimed that he could not pursue the habeas relief expected by *Heck*. The Fifth Circuit considered the *Heck* rule to be absolute. The Court held that the plaintiff had not satisfied the requirements of *Heck* and therefore could not seek damages pursuant to §1983 and his custody status was therefore irrelevant to the application of *Heck*.

Therefore, while the Court may find many questions of material fact regarding the merits of Hall's claims and the propriety of the disciplinary finding in light of all of Hall's statements, it is constrained to apply *Heck* and *Randell*. The Court must therefore reluctantly grant the motion for summary judgment because, as a matter of law, the plaintiff is barred from pursuing his claims at this time under *Heck*. This same analysis must also be applied to the medical indifference claim against Seal which is integrally involved with a determination as to whether and when the alleged excessive force took place.

Accordingly, the Court will grant the defendant's supplemental motion and direct dismissal of Hall's § 1983 claims with prejudice until such time as the *Heck* conditions are met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

E.   **State Law Claims of Assault and Battery**

The Court declines to exercise supplemental jurisdiction. Title 28 U.S.C. § 1367(a). The "general rule" in the Fifth Circuit "is to decline to exercise jurisdiction over pendent state law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial." *Batiste v.*

*Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (citation omitted); *accord Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims"). Hall's state law claims of assault and battery are therefore dismissed without prejudice to allow him to pursue them in state court if appropriate. Title 28 U.S.C. § 1367(c)(3); *Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162 (5th Cir. 1997); *see also San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir.1998) (district court not required to provide explanation when declining jurisdiction under § 1367(c)(3)). Accordingly,

**IT IS ORDERED** that the defendant Lieutenant Donnie R. Seal's **Motion for Summary Judgment (Rec. Doc. No. 28)** is **DENIED** as meritless and the **Supplemental Motion for Summary Judgment (Rec. Doc. No. 35)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Hall's § 1983 claims against Seal for excessive force and medical indifference are **DISMISSED WITH PREJUDICE** until such time as the conditions of *Heck v. Humphrey*, 512 U.S. 477 (1994), are met.

**IT IS FURTHER ORDERED** that Hall's state law claims of assault and battery against Seal are **DISMISSED WITHOUT PREJUDICE** to allow Hall to pursue the claims in state court if appropriate.

New Orleans, Louisiana, this _4th_ day of _August_, 2005.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE